## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAZEN HANNA, OLYMPUS
INSURANCE COMPANY and
PROGRESSIVE AMERICAN
INSURANCE COMPANY,

       Plaintiffs,

v.                                 Case No: 8:13-cv-3225-T-30MAP

WARD MANUFACTURING, INC.,

       Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial (Dkt. 116) and Plaintiffs' Response in Opposition (Dkt. 119). The Court, having reviewed these filings, the record, and the applicable law, denies the motion.

## DISCUSSION

At a trial beginning on April 4, 2016 and concluding on April 8, 2016, a jury rendered a verdict in favor of Plaintiffs, concluding that a product manufactured by Defendant was defective and unreasonably dangerous. The jury further concluded that Defendant was negligent in its design of the product and failed to adequately warn of known deficiencies. The jury awarded damages to Plaintiffs in the amount of $1,187,156.88, which was later amended to reflect pre-judgment interest, for a total judgment of $1,431,228.64.

Now Defendant moves for judgment as a matter of law or, in the alternative, a new trial. Judgment as a matter of law should be granted only when the non-movant "present[ed] no legally sufficient evidentiary basis for a reasonable jury to find for [him] on a material element of [his] cause of action." Fed. R. Civ. P. 50. In evaluating such a motion, a court must "consider all of the evidence presented at trial and resolve any material factual disputes in favor of the non-moving party." *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617 (11th Cir. 2015). If at trial the non-movant "provid[ed] more than a mere scintilla of evidence to survive [the] motion," it must be denied.

Under Fed. R. Civ. P. 59(b), "[a] judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). With respect to evidentiary issues, a new trial should not be granted "unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1287 (11th Cir. 2011) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001); *see also Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991) ("When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded.").

Defendant seeks judgment as a matter of law on three grounds: (1) that, under Florida's government rules defense, Fla. Stat. § 768.1256, Defendant enjoyed a statutory

presumption of non-liability that Plaintiffs failed to overcome; (2) that, on Plaintiffs' failure to warn claim, Plaintiffs failed to meet their burden of proof with expert testimony; and (3) that, on Plaintiffs' failure to warn claim, Defendant discharged its duty under the learned intermediary doctrine. Defendant seeks a new trial on two grounds: (1) that the Court erred in admitting the testimony of Plaintiffs' expert witness Dr. Thomas Eager; and (2) that the Court made several instructional errors.

The Court first notes, as Defendant concedes in its motion, that Defendant made similar, if not identical arguments, before or at trial. The Court evaluated those arguments then, including Defendant's objections to several jury instructions. As they were then, the Court finds that the arguments lack merit.

First, the Court instructed the jury on the applicability of both the government rules defense and the learned intermediary doctrine. The instructions, the Court finds, were proper, and so was the jury's implicit conclusion that Defendant benefitted from neither of them. *See Myers*, 640 F.3d at 1287. Second, the Court agrees with Plaintiffs' argument that, under the facts of this case, expert testimony was not required to prove that Defendant's warnings were inadequate. *Accord Bullock v. Volkswagen Group of Am., Inc.*, 107 F. Supp. 3d 1305, 1316 (M.D. Ga. 2015). That is because, namely, Plaintiffs provided substantial evidence that no warnings were provided. *Id.; see Lipphardt*, 267 F.3d at 1186 ("if there is substantial evidence opposed to the motion[], . . . the motion should be denied").

Finally, the Court finds no error in the admission of Dr. Eager's testimony or the other instructions raised in Defendant's motion.

In the end, Plaintiffs provided a legally sufficient evidentiary basis on every element of their cause of action, *see* Fed. R. Civ. P. 50, and the jury's verdict was not rendered against the great weight of that evidence. *See* Fed. R. Civ. P. 59(b). Nor did it result in a miscarriage of justice. *Id.*

Accordingly, it is ORDERED AND ADJUDGED that:

1.     Defendant's Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial (Dkt. 116) is DENIED.

2.     The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record